**No. 51976.**—Greene Cattle Co., Inc. v. United States, protest 84361–K (Nogales).

JOHNSON, Judge: Controversy here arises over the proper weight to be used for the assessment of duty at 2½ cents per pound under paragraph 701 of the Tariff Act of 1930 upon 1,940 head of cattle imported from Mexico through the port of Nogales, Ariz. The importer contends that an allowance should be made for excessive moisture and impurities which was included by the collector in the weight of the cattle.

At the trial of this case it was agreed between counsel that at least 5 pounds of water were carried by each animal in the hair and on its hide when imported and at the time it was weighed, and also that the regulations were complied with in respect to the filing of the application under article 811, Customs Regulations of 1937, for relief from duty of excessive moisture. The witnesses testifying for the plaintiff all stated that the day the cattle were weighed, it had rained from morning until night and the cattle had stood out in the rain all day before being weighed. In consequence thereof, considerable moisture and debris were carried onto the scales which was not taken off except when carried off by the cattle. It was the consensus of opinion of the witnesses that cattle weighed more wet than dry and carried more debris on their hair when wet than when dry. There was nothing in the evidence, however, which would tend to indicate the quantity of excessive moisture and impurities carried by each animal.

The division of this court before whom the case was submitted was unable to conclude from the evidence that the amount of the moisture and impurities was excessive, or that the collector, in his statement of reasons for assessing duty as he did, intended to infer that the increase in weight due to the absorption of rain water and adherence of mud was five pounds per animal in excess of that usually found upon such animals at the time of importation. The court consequently restored the case to the docket for additional proof relative to the excessive character of the additional weight.

At the subsequent trial it was agreed between counsel as follows:

Mr. STEIN: I accordingly offer to stipulate that there was five pounds excess moisture and impurities on each head of cattle here involved—I believe 1,940 head, which moisture and impurities to that extent, five pounds per head, was excessive and not usually found in or upon such or similar merchandise.
Judge MOLLISON: Is that stipulation accepted by the defendant?
Mr. WELSH: The Government agrees to that stipulation, and I make that concession upon the advice and with the consent of Mr. Pottinger, the collector, and Mr. Chatham, the assistant collector.
Judge MOLLISON: Let the record show that that has been so stipulated.
Mr. STEIN: We submit.
Mr. WELSH: The Government submits. (Record page 33.)

In view of the agreed statements of facts it is held that each head of cattle carried an excessive quantity of moisture and impurities to the extent of five pounds upon which duty was assessed by the collector as though it had been part of the cattle, and that the regulations of the Secretary of the Treasury were complied with. These regulations were held to be a condition precedent to recovery before this court. See *American Bitumuls Co.* v. *United States*, 10 Cust. Ct. 106, C. D. 732. In *Cargill Grain Co., Inc.* v. *United States*, 30 C. C. P. A. 78, C. A. D. 219, at page 88, the court stated:

Section 507, *supra*, provides that "in no case shall there be any allowance for draft or for impurities, other than excessive moisture and impurities not usually found in or upon such or similar merchandise."
The statute clearly contemplates that there may exist impurities in imported merchandise, but that their presence shall not affect the duties to be levied with

respect to such merchandise unless the impurities are of a character, or possibly in an amount, not usually found in such or similar merchandise.

Surely, in view of section 507, if appellant removed all the impurities from the rye, including those usually found in such or similar merchandise, it could not, without proof of the amount of impurities not usually found in such or similar merchandise, rightfully claim that all of the impurities constituted a nonimportation and that allowance should be made therefor.

Inasmuch as there is nothing in the record to establish what portion, if any, of the invisible impurities removed was of a character usually found in such or similar merchandise, or what portion, if any, was in excess of impurities usually found in such or similar merchandise, no allowance can properly be made for the invisible losses resulting from the cleaning process.

The record before us establishes what portion of excessive moisture and impurities was carried by each head of cattle, and that such excess amounted to 5 pounds. In view of the record now before us and the above cited cases, we hold that the importer is entitled to a refund of duties upon 1,940 head of cattle to the extent of 2½ cents per pound on 5 pounds per head. Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entry and make refund of all duties taken in excess.