YORK FEATHER & DOWN CORP. *v.* UNITED STATES (No. 4692)[1]

[1] C. A. D. 496.

United States Court of Customs and Patent Appeals, November 4, 1952

*Sharretts, Hillis & Paley* (*Joseph F. Donohue* and *Howard C. Carter* of counsel) for appellant.

*Charles J. Wagner*, Acting Assistant Attorney General (*Richard E. FitzGibbon* and *Richard F. Weeks*, special attorneys, of counsel), for the United States.

[Oral argument October 10, 1952, by Mr. Donohue and Mr. FitzGibbon]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, COLE, and JACKSON (retired), Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This is an appeal from a judgment entered pursuant to the decision of the United States Customs Court, Third Division, C. D. 1329. The judgment overruled appellant's protest claiming the Collector of Customs at the port of New York should have made allowance for dirt and other impurities in excess of the amount usually found in or upon such or similar merchandise consisting of white goose feathers.

The record discloses that appellant purchased 15 bales of the feathers from Nanking, China, under an order the specification of which called for best quality feathers containing no more than 10 percent dirt, 2 or 3 percent quill, and 1 percent chicken feathers. The weigher, after deducting 195 pounds for tare, or 13 pounds per bale, for the burlap bags, returned the net weight of the shipment as 6,586 pounds, which was the weight of the feathers on receipt at appellant's factory. There they were processed for separation and removal of dust causing their weight to be reduced to 5,791 pounds. After a washing process, the net weight was further reduced to 5,423 pounds.

The merchandise was assessed at 20 per centum ad valorem under paragraph 1518 of the Tariff Act of 1930, which provides for the assessment of duty on feathers and downs in two different stages of development, as noted in the following terms of the statute:

Par. 1518. Feathers and downs, on the skin or otherwise, crude or not dressed, colored, or otherwise advanced or manufactured in any manner, not specially provided for, 20 per centum ad valorem; dressed, colored, or otherwise advanced or manufactured in any manner, including quilts of down and other manufactures of down, 60 per centum ad valorem; * * *.

The collector rejected the claim set forth in the protest and adhered to his original liquidation, for the stated reason that appellant, the importer, had failed to comply with the provisions of section 507 of

the Tariff Act of 1930 and section 15.7 of the Customs Regulations of 1943, as amended, which respectively read as follows:

SEC. 507. TARE AND DRAFT.

The Secretary of the Treasury is hereby authorized to prescribe and issue regulations for the ascertainment of tare upon imported merchandise, including the establishment of reasonable and just schedule tares therefor, but *in no case shall there be any allowance for draft or for impurities, other than excessive moisture and impurities not usually found in or upon such or similar merchandise.* [Italics not quoted.]

15.7 *Excessive moisture and other impurities; application for allowance; procedure.*—(a) Application for an allowance for excessive moisture or other impurities under section 507, Tariff Act of 1930, shall be made on customs Form 4317 and filed with the collector of customs within 10 days after the return of weight has been received by him.

(b) The collector shall cause such investigation to be made as may be necessary to determine whether or not the merchandise contains excessive moisture or other impurities not usually found in or upon such or similar merchandise, together with the amount thereof, and, if necessary, may refer the application to the appraiser for such determination.

(c) If the collector is satisfied from the reports received that the claim is valid, due allowance shall be made in the liquidation of the entry.

Appellant contended in the court below that the dirt and impurities in excess of the 10 percent hereinbefore described was not subject to the assessment of duty. The court upon the evidence submitted, among other things, held:

The Congress in its wisdom has recognized that feathers in a crude state would naturally contain dust and other extraneous matter, and, therefore, provided a rate that was only one-third the rate of feathers free from dust and dirt. Not only has the plaintiff failed to establish that there was excess dirt or other impurities in the feathers in question, but the mandatory regulations of the Secretary of the Treasury were not complied with, and, in view of the fact that the plaintiff seeks to have these feathers assessed for duty at the rate of crude feathers when they are in an advanced condition, all of the claims made herein are held to be without merit.

Appellant concedes here in its brief that 10 percent is the amount of dirt usually found in or upon merchandise such as is here in issue. It was judicially determined years ago by the Customs Court, under a statute predecessor to paragraph 1518, that goose and duck feathers similar to the merchandise at bar were crude feathers and dutiable as such within the terms of the statute. *Globe Shipping Co., Inc. v. United States*, 52 Treas. Dec. 624, Abstract 4073. Furthermore, appellant failed to establish in the court below that the dirt and other impurities in the feathers in question were of an unusual quantity deemed to be excessive in crude imported feathers. *Rosenbaum Grain Corp. v. United States*, 72 Treas. Dec. 428, T. D. 49205. See also *Shallus v. United States*, 1 Ct. Cust. Appls. 316, T. D. 31408; *United States v. Baker Castor Oil Co.*, 2 Ct. Cust. Appls. 338, T.D. 32076; *Wood v. United States*, 4 Ct. Cust. Appls. 228, T. D. 33439.

Appellant at the trial conceded that no application for allowance was made pursuant to the prescribed customs regulation. Since such an application must be made on Form 4317 within 10 days after the return of the weight by customs officials, and such compliance is mandatory as a condition precedent to recovery, the judgment of the Customs Court was properly rendered in accordance with the established law. *United States* v. *Ingram & Co.*, 17 C. C. P. A. (Customs) 228, T. D. 43668; *American Bitumuls Co.* v. *United States*, 10 Cust. Ct. 106, C. D. 732.

We have carefully examined the authorities and arguments cited by appellant, including the case of *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A (Customs) 112, C. A. D. 351, which appellant urged here as controlling, and consider none of them to be applicable to the facts in the case at bar.

Accordingly, the judgment of the United States Customs Court is *affirmed.*

JACKSON, J., retired, recalled to participate herein.