No. 59486.—The Dan Malloy Company v. United States, protest 218642–K (Philadelphia).

JOHNSON, Judge: The merchandise involved in this case consists of sponges imported from Greece on or about December 28, 1946, entered for consumption at the port of Philadelphia for the account of the plaintiff. The entry was not liquidated until June 30, 1953, at which time duty was assessed at the rate of 15 per centum ad valorem under paragraph 1545 of the Tariff Act of 1930, on the

basis of 1,284 pounds of sponges. It is claimed that duty was assessed on too great a weight on the ground that the merchandise contained excessive moisture.

At the trial, Dan J. Malloy appeared on behalf of the plaintiff and testified as follows: The merchandise left Greece in October 1946 and arrived in Philadelphia in January 1947. Shipping conditions were poor and the sponges gathered moisture on the way. The firm was billed and charged for 1,138 pounds of sponges, but customs officials found the weight to be 1,284 pounds. The witness claimed "the extra 150 pounds" consisted of moisture.

On cross-examination, the witness admitted that no application had been filed with the collector for an allowance for excessive moisture. He said that he could not tell by touching the sponges whether there was excess moisture, but stated:

If the sponges weighed more than our invoice value, we would know that it was entirely water, because no one in the sponge game gives you something for nothing, and if we are invoiced for less than these bales show on our scale, we are just getting water; * * *.

Defendant called Joseph J. Shanda, customs inspector, who testified that he had weighed the merchandise involved herein on a Government scale. He said that it was noticed that there was a difference of roughly several hundred pounds in what the permit called for, so the scale was checked and the merchandise reweighed on the Government scale and on the Railway Express scale on the platform. The weights tallied the same on both scales.

There was then received in evidence the consumption entry permit, on the back of which appears the inspector's report showing gross weight, 1,332 pounds; tare, 48 pounds; and net weight, 1,284 pounds. The witness said that the gross weight given on the permit was 1,188 pounds, whereas he had found 1,332 pounds, and that if there had been any evidence of excess moisture, he would have reported it.

Under section 507 of the Tariff Act of 1930, it is provided that the Secretary of the Treasury may prescribe regulations for the ascertainment of tare upon imported merchandise, but that in no case shall there be any allowance for draft or impurities, other than excessive moisture and impurities not usually found in or upon such or similar merchandise. Under this section, the Secretary of the Treasury promulgated section 15.7 of the Customs Regulations of 1943, providing that an application for an allowance for excessive moisture shall be made on customs Form 4317 and filed with the collector within 10 days after the return of weight has been received by him, and that the collector shall investigate and determine whether or not the merchandise contains excessive moisture not usually found in or upon such or similar merchandise.

It has been held that compliance with this regulation is mandatory and that the filing of a timely application with the collector is a condition precedent to the right of recovery for excessive moisture. *United States* v. *Ingram & Co.*, 17 C. C. P. A. (Customs) 228, T. D. 43668; *York Feather & Down Corp.* v. *United States*, 40 C. C. P. A. (Customs) 51, C. A. D. 496; *American Bitumuls Co.* v. *United States*, 10 Cust. Ct. 106, C. D. 732. In the instant case, the plaintiff did not file such an application with the collector. Furthermore, plaintiff has failed to establish, as required in such cases, that the weight of the merchandise was other than that found by the Government weigher, or that the manner of weighing was improper, or that the merchandise contained moisture in excess of that usually found in such or similar merchandise. *United States* v. *Gage Bros.*, 1 Ct. Cust. Appls. 439, T. D. 31503; *York Feather & Down Corp.* v. *United States, supra.*

Since the plaintiff has failed to comply with the mandatory regulations and has not sustained its burden of proof, it is not entitled to recover. The protest is overruled and judgment will be rendered for the defendant.