**UNITED STATES ex rel. HARRIS v. RAGEN.**

No. 9852.

United States Court of Appeals
Seventh Circuit.

Oct. 28, 1949.

William M. Gibbons, Chicago, Illinois, for appellant.

Ivan A. Elliott, Attorney General, William C. Wines, Assistant Attorney General, for appellee.

Raymond S. Sarnow, James C. Murray, A. Zola Groves, Assistant Attorneys General, of Counsel.

Before MAJOR, Chief Judge, DUFFY and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

In December 1927, petitioner was convicted and sentenced by the Criminal Court of Cook County, Illinois, for period of one year to life in the Illinois State Penitentiary, for the crime of burglary. On January 6, 1944, he was paroled to one James Wade, a parole officer at Cairo, Illinois. On February 5, 1944, Wade recommended to the Office of Supervision of Parolees that Harris' parole be revoked because of violation of parole in connection with three burglaries, and an attempt at burglary. On February 11, 1944, a warrant for his arrest was issued by the warden-respondent. On February 14, 1944, three indictments were returned against petitioner charging him with certain burglaries alleged to have occurred in Cairo on the nights of January 24, 1944, January 26, 1944, and January 29, 1944. These indictments are still pending in Alexander County, Illinois, and a detainer has been placed with the warden of the State penitentiary. On March 9, 1944, petitioner was returned to the Joliet Penitentiary, and after a hearing before the Division of Correction he was declared a parole violator.

Petitioner contends he never committed the three crimes for which he was indicted in Alexander County, for which his parole was revoked. He further contends that the hearing before the parole authorities was unfair and that the revocation of his parole was arbitrary, unreasonable and a violation of his constitutional rights to due process of law. The only evidence presented to the District Judge by the petitioner in support of his charges was his own unsupported testimony. His evidence was contradicted by Wade, his parole officer, and also by a police officer who participated in Harris' arrest. Both Wade and the officer testified that they observed the petitioner trying to burglarize a food market and that the petitioner was shot while trying to escape.

The hearing on the writ was continued from June 9, 1948, to June 29, 1948, to enable the Court to secure and examine the transcript of hearing before the Division of Correction in the Department of Public Welfare, and all other available writings that it was possible to secure.

It was thus made to appear that the indictments in Alexander County, Illinois, were still pending and that a detainer had been filed with the Warden of the State institution, in connection therewith. They were not dismissed as relator alleged in his petition.

The District Court concluded after a complete investigation that the relator had a fair hearing before the Division of Correction in the Department of Public Welfare, and remanded him to the custody of the respondent.

■ The Supreme Court of Illinois in passing on the Parole Act 1899, which as amended, is substantially the act now in force, Smith-Hurd Stats c. 38, § 801 et seq. held in People ex rel. v. Strassheim, 242 Ill. 359, 90 N.E. 118, that the Parole Act of Illinois required that a prisoner arrested for parole violation be given a hearing by the Board of Pardons. Under the terms of the Civil Administration Code of Illinois (Sec. 53 (9) chap. 127, Smith-Hurd's Ill. Ann.Stat.) the powers and duties of the Board of Pardons are now vested in the Department of Public Welfare. The hearing thus secured by the Parole Act of Illinois is purely statutory The right to such hearing is not constitutional. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566.

■■ The administration of the Parole Law of Illinois is confided to the executive branch of the government of that State. It is administered by the Division of Correction in the Department of Public Welfare of Illinois, its object is to keep safely, to exercise supervision over and to discipline the prisoners in the institutions of the

State. It is well settled that the acts of an administrative body are presumably correct. This presumption of legality supports official acts of all public officials, including administrators of supervision and control regulations in State prisions. In the absence of clear and convincing evidence to the contrary, the court must assume that they have properly discharged their official duties. United States ex rel. Lashbrook v. Sullivan, D.C. 55 F.Supp. 548; United States v. Chemical Foundation, Inc, 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131.

In the case at bar, relator admits in his petition that he was given a hearing. The District Court procured the transcript of his hearing and examined it carefully. It was found sufficient and the relator was remanded.

On this record there is no proper grounds for complaint by relator.

The judgment of the District Court is therefore affirmed.