**Francis HAINES, Plaintiff-Appellant,**

v.

**Latham CASTLE et al., Defendants-Appellees.**

**No. 11486.**

United States Court of Appeals Seventh Circuit.

Oct. 20, 1955.

Rehearing Denied Nov. 23, 1955.

Francis Haines, Joliet, Ill., for appellant.

Latham Castle, Atty. Gen. (William C. Wines, Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel), for appellees.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

DUFFY, Chief Judge.

On July 12, 1939, plaintiff was convicted in the Criminal Court of Cook County, Illinois, of the crime of burglary. He was sentenced to life imprisonment under the Illinois Habitual Criminal Act, Ill.Rev.Stat.1939, Chap. 38, Pars. 602, 603. He is presently confined in the Illinois State Penitentiary at Joliet.

Plaintiff commenced this action on September 9, 1954 appearing *pro se*. He named as defendants the State Attorney General, the Governor, the Director of Public Safety, and the Chairman and associate members of the Division of Correction (Board of Paroles and Pardons) of the State of Illinois. He seeks relief by way of temporary injunction, declaratory judgment and otherwise.

His principal contention seems to be that the Illinois Parole Act, as amended in 1947 (Ill.Rev.Stat.1953, Ch. 38 § 801.-1) so as to require minimum servitude of twenty years' imprisonment of persons, including plaintiff, who are serving life sentences under the Illinois Habitual Criminal Act, which sentences were imposed before the 1947 amendment, is unconstitutional as *ex post facto* in violation of Article I, Section 10, Clause 1 of the United States Constitution, and also a denial of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff alleges that prior to the 1947 amendment he was eligible to apply for parole after serving one year because the minimum sentence for burglary was one year. However, defendants contend that until the 1947 amendment was enacted, plaintiff and others in his situation, were not entitled to apply for parole at any time so long as the sentence under the Habitual Criminal Act remained in full force and effect.

Because of his claim that the Illinois statutes violated provisions of the Federal Constitution, plaintiff sought the convening of a three-judge court under Title 28 U.S.C.A. §§ 2281 and 2284. Defendants moved to dismiss the suit on the ground that it tendered no substantial federal constitutional question. The District Court dismissed the case without convening a three-judge court.

Plaintiff has also filed in this Court a "Petition for Ancillary Writ of Habeas Corpus pursuant to § 1651, Title 28 U.S. Code to permit petitioner to argue his prior application for Ancillary Writ of Injunction in view of application of prison rules."

An examination of the files of this Court discloses that on June 23, 1955, plaintiff moved this Court for leave to waive oral argument on this appeal, and an order was entered on June 28, 1955 granting plaintiff's motion. On July 25, 1955 plaintiff filed a petition which he designated as a "Petition for an Ancillary Writ of Injunction." Plaintiff alleged that on June 22, 1955, he was charged with having in his possession, an excerpt of the records of this Court, same being certain pages of the record of United States ex rel. Roger Touhy v. Ragen, No. 11249,* and he was punished by being placed in solitary confinement with one meal a day, and was required to sleep on a concrete floor with three thin blankets. At the conclusion of his solitary confinement, plaintiff alleged he was placed in a segregation unit, and his typewriter and certain books were taken from him. Plaintiff alleges such action was taken by prison authorities to obstruct, harass and impede his efforts to carry on his appeal in the case at bar.

Plaintiff also complains that he was not permitted to notarize the proof of service of his reply brief on this appeal, and quoted from a notice dated August 30, 1955 from Warden Joseph E. Ragen addressed to Segregation Unit inmates to the effect that such inmates will not be permitted to notarize legal documents. Plaintiff asserts that such action by the prison authorities was for the purpose of obstructing, harassing and impeding his efforts on this appeal.

■■ Defendants have not denied that Warden Ragen has issued the notice to inmates of Segregation Units as alleged by plaintiff, and we must assume the truth of the allegation. Prison officials cannot properly deny access to the Courts by prisoners in their charge. The prevention of a timely appeal by a warden's suppression of appeal papers has been held to be a violation of the Equal Protection Clause of the Four-

*  224 F.2d 611.

teenth Amendment. Dowd v. United States ex rel. Cook, 340 U.S. 206, 207, 71 S.Ct. 262, 95 L.Ed. 215. See also Sweet v. State, 1954, 233 Ind. 160, 117 N.E.2d 745. Undoubtedly, the repeated and persistent effort of certain inmates to have courts consider the validity of their detention in prison is annoying to prison officials and, in most cases, is entirely unwarranted. However, the denial of the right to verify legal documents might, conceivably, in certain instances, be tantamount to a denial to a prisoner of the right to present his case to a court. But such is not the case here.

The verification which plaintiff sought to execute was that copies of his reply brief had been served upon the attorneys representing the defendants. This Court ordered the reply briefs to be filed without proof of service and plaintiff's reply brief has been carefully considered by this Court. The plaintiff has not been prejudiced in any manner.

■ We consider next plaintiff's demand for the issuance of an "Ancillary Writ of Habeas Corpus," to permit him to argue orally before this Court the issues which he has raised on this appeal. We have the power, in our sound discretion, to issue an order in the nature of a writ of habeas corpus requiring that a prisoner be brought before this Court for the purpose of arguing his own appeal. Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356.

■ The Supreme Court pointed out in the Johnston case that the power of the writ is discretionary. The best interests of the government as well as of the prisoner must be considered. The Court said, 334 U.S. 266, at page 285, 68 S.Ct. 1049, at page 1060: "Section 262 [now 28 U.S.C. § 1651], in other words, does not justify an indiscriminate opening of the prison gates to allow all those who so desire to argue their own appeals." A prisoner has no absolute right to argue his own appeal or even to be present at the proceedings in an appellate court. Price v. Johnston, supra, 334 U.S. at page 285, 68 S.Ct. at page 1059. Here, the defendants waived oral argument before this Court. The case has been considered upon the briefs submitted by both parties. The request of plaintiff for the issuance of a writ to permit him to argue his appeal orally, is denied.

■ The entire basis for plaintiff's claim on the merits might be stated as: "I was sentenced in 1939 for burglary. At that time the minimum term for burglary was one year. After serving one year, I became eligible to apply for parole." Plaintiff ignores entirely that he was sentenced for life under the provisions of the Illinois Habitual Criminal Act. He was not injured by the passage of the 1947 amendment. Prior thereto, as the State Parole officials construed the Illinois law, plaintiff would never have been eligible for parole. After its passage he could apply for parole after serving twenty years of his sentence.

■ In any event, parole is a matter of clemency and grace. No federal constitutional question is involved in the administration of the Illinois Parole Act. United States ex rel. Harris v. Ragen, 7 Cir., 177 F.2d 303. The Parole Act is not an element in the sentence imposed. People v. Dixon, 400 Ill. 449, 81 N.E.2d 257.

■ Furthermore, if plaintiff seeks to challenge the validity of the State Statute, and tenders questions of statutory construction, he should first resort to the courts of Illinois. United States ex rel. Touhy v. Ragen, 7 Cir., 224 F.2d 611.

■ No substantial federal question was presented and the District Court correctly dismissed the suit. Under such circumstances a single judge may dismiss. California Water Service Co. v. City of Redding, Cal., 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323.

Affirmed.

FINNEGAN, Circuit Judge.
I approve the result.