Charles E. GLANCY, Plaintiff,

v.

**PAROLE BOARD OF the MICHIGAN DEPARTMENT OF CORRECTIONS et al., Respondents.**

No. 5667.

United States District Court
W. D. Michigan, S. D.

June 27, 1968.

Charles E. Glancy, in pro. per.

Robert J. Deitrick, Asst. Atty. Gen., Lansing, Mich., for respondents.

## OPINION AND ORDER

FOX, District Judge.

This is a Civil Rights action based on § 1983, 42 U.S.C. Plaintiff is an inmate at the Southern Michigan State Prison in Jackson, Michigan. Respondent is the Parole Board of the Michigan Department of Corrections. Jurisdiction is based on § 1343, Title 28 U.S.C.

Plaintiff alleges the unconstitutionality of the Michigan Parole Statutes, M.S. A. 28.2303–05, C.L.1948, §§ 791.233–791.-235. He claims these statutes deny him due process and equal protection guaranteed by the Fourteenth Amendment of the United States Constitution. He seeks a temporary injunction and declaratory judgment, §§ 2201, 2202, Title 28 U.S.C., and he has moved for a three-judge court pursuant to §§ 2281–2284, Title 28 U.S.C. to determine whether a temporary injunction should issue.

Defendant has moved to dismiss for failure to state a claim upon which relief can be granted (Rule 12(b) (6), Federal Rules of Civil Procedure). In addition, defendant contends there is lack of a substantial federal question requiring a three-judge court. And finally, defendant contends plaintiff is estopped to question the Michigan Parole Statutes, supra, because he waived consideration for parole on March 1, 1968.

On February 11, 1959, the Circuit Court for Jackson County, Michigan, sentenced plaintiff to serve five to fourteen years for the crime of uttering and publishing, Criminal Action No. AD–474. On June 11, 1959, plaintiff was released to the custody of the United States Marshal for the Western District of Michigan, Grand Rapids. The District Court for the Western District of Michigan imposed a four year sentence on plaintiff for transportation of forged documents, to run concurrently with his Michigan sentence. Plaintiff was returned to the State Prison at Jackson on June 17, 1959.

On July 26, 1962, plaintiff was paroled to Los Angeles, California, for a period of twenty-four months. On November 23, 1962, he was arrested in California and found guilty of possession of an unregistered gun; he was sentenced to one year in the Los Angeles County Jail.

On April 18, 1963, the Michigan Department of Corrections issued a parole violation warrant setting the date of delinquency as November 23, 1962.

After serving the one year sentence in California, plaintiff was turned over to federal authorities who wanted plaintiff for violating parole on the 1959 sentence imposed for transporting forged documents. He was then transferred to the Federal Penitentiary on McNeil Island where he served the remainder of his federal sentence. On completion of this sentence he was turned over to the Michigan authorities for parole violation and returned to the State Prison at Jackson, August 14, 1964.

On February 19, 1965, plaintiff was again paroled, this time to Wayne County, Michigan.

On August 12, 1965, he was sentenced to serve two to four years for the crime of larceny from a building.

On May 26, 1966, the Jackson County Circuit Court denied plaintiff's petition for writ of habeas corpus. On August 15, 1966, the Michigan Court of Appeals denied plaintiff's petition for writ of habeas corpus (No. 2368). On October 27, 1966, the Michigan Supreme Court denied plaintiff's application for leave to appeal from the Court of Appeals decision.

On October 17, 1966, plaintiff came before the Michigan Parole Board and was told he would not be granted a parole at that time, and his parole would not be considered by the Board for eighteen months.

On October 24, 1966, plaintiff appealed the Parole Board decision. Relief was denied by the ·Ingham County Circuit Court. The denial was affirmed by the Michigan Court of Appeals on August 25, 1967.

On April 24, 1967, the United States District Court for the Eastern District of Michigan dismissed plaintiff's petition

for writ of habeas corpus (Order No. 29332).

The instant action was begun June 26, 1967.

As indicated, plaintiff seeks declaratory relief (§§ 2201, 2202, Title 28, U.S.C.), basing his claim on § 1983, Title 42, U.S.C. He also seeks an injunction and asks this court to convene a three-judge court (§ 2281, Title 28, U.S.C.).

Defendant has moved to dismiss.

We deal first with the question of declaratory relief.

§ 1983, Title 42, U.S.C. provides:

§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. R.S. § 1979.

§ 2201, Title 28, U.S.C. provides:

§ 2201. Creation of remedy

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. June 25, 1948, c. 646, 62 Stat. 964; May 24, 1949, c. 139, § 111, 63 Stat. 105; Aug. 28, 1954, c. 1033, 68 Stat. 890; July 7, 1958, Pub.L. 85–508, § 12(p), 72 Stat. 349.

■ It is clear that declaratory relief based on § 1983, supra, is available when appropriate pleadings are filed.

■ It is also clear that § 1983 is directed at "persons" who deprive citizens of their rights, etc., secured by the Constitution and laws of the United States; § 1983 is not directed at governmental agencies or units. Monroe v. Pape, 365 U.S. 167, 188, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

■ In his complaint, plaintiff has named the Michigan Parole Board as defendant. The Michigan Parole Board is not a "person" within the meaning of § 1983, supra. Rather it is a governmental agency or unit, and as such, without the pale of the Civil Rights Act. Williams v. Craven, 273 F.Supp. 649 (C.D. Cal., 1967).

It is evident, therefore, that plaintiff does not state a claim upon which relief may be granted under the Civil Rights Act against the Michigan Parole Board of the Michigan Department of Corrections. United States ex rel. Lee v. People of State of Illinois, 343 F.2d 120 (C.A.7, 1965). See also Egan v. City of Aurora, Ill., 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961); Harvey v. Sadler, 331 F.2d 387 (C.A.9, 1964); Hewitt v. City of Jacksonville, 188 F.2d 423 (C.A.5, 1951); Schackman v. Arnebergh, 258 F.Supp. 983 (D.C.Cal., 1966), appeal dismissed 387 U.S. 427, 87 S.Ct. 1622, 18 L.Ed.2d 865.

Moreover, and for the same reason, it is evident plaintiff has not filed an appropriate pleading within the meaning of § 2201, Title 28 U.S.C., supra.

Plaintiff's prayer for declaratory judgment must, therefore, be dismissed.

In addition to his prayer for declaratory relief, plaintiff seeks to enjoin the Michigan State Parole Board from proceeding under the Michigan Parole statutes cited, supra. He alleges standing to challenge the constitutionality of those statutes and claims they deny him due process and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. He moves this court to convene a three-judge court

pursuant to § 2281, Title 28 U.S.C. That section provides:

§ 2281. Injunction against enforcement of State statute; three-judge court required

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title. June 25, 1948, c. 646, 62 Stat. 968.

█ It is well established that before a three-judge court may be convened certain prerequisites must be fulfilled. One of those prerequisites is that the constitutional question raised must be substantial. Zemel v. Rusk, Sec. of State, et al., 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1965).

█ Moreover, it is the duty of a single district judge to determine whether the claim is substantial, and if he finds it is not, refuse to convoke a three-judge court and dismiss the action. Utica Mutual Insurance Co. v. Vincent, 375 F.2d 129 (C.A.2, 1967), and cases cited on Page 130 of that opinion. As Judge Friendly said in Utica at Page 131:

"[The power to determine substantiality] is not merely a power confided to the single district judge but an important responsibility, since the requirement of a three judge court 'entails a serious drain upon the federal judicial system particularly in regions where despite modern facilities, distance still plays an important part in the effective administration of justice;' Phillips v. United States, 312 U.S. 246, 250, 61 S.Ct. 480, 85 L.Ed. 800 (1941), a burden not only on the inferior courts but, if the three judges

retain the case, upon the Supreme Court by virtue of the provision for direct appeal, 28 U.S.C. § 1253."

Thus, it is incumbent on this court to determine whether plaintiff's challenge to the Michigan Parole Statutes presents a substantial federal question.

█ Lack of substantiality in a federal constitutional question, such as presented here, may appear either because it is obviously without merit or because its unsoundness so clearly results from previous decisions of the United States Supreme Court as to foreclose the subject. California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Booker v. State of Tennessee Board of Education, 240 F.2d 689 (C.A.6, 1957), cert. den. 353 U.S. 965, 77 S.Ct. 1050, 1 L.Ed.2d 915.

In essence the plaintiff here challenges the discretion vested in the Michigan Parole Board to determine when he shall be paroled. He claims:

(a) The statutes vest unrestrained, absolute and arbitrary authority in a state agency.

(b) The statutes delegate legislative powers to the parole board.

(c) The statutes fail to give fair notice of what acts will be punished by denial of parole.

(d) The statutes fail to include all prisoners similarly situated and permit the prisoner's exclusion from parole eligibility because of pre-sentence record of criminal activity.

(e) The statutes fail to set boundaries within which the State Agency may perform its function of determining parole eligibility.

(f) The statutes permit the release of prisoners on the whim or caprice of the individual parole board member.

(g) The statutes permit the individual parole board member to usurp judicial powers by summarily enlarging the minimum sentence solely on the basis of pre-sentence record of criminal activity, and solely on the basis of the same set of facts as was carefully

considered by the sentencing judge in determining the minimum term imposed by the court.[1]

▮ It is well established that the administration of a state's penal system is a state function under the reserved powers in the Constitution, particularly with regard to granting of parole. As was said in Rose v. Haskins, 6 Cir., 388 F.2d 91 (1968):

It is axiomatic that the administration of the state's penal system is exclusively a state function under the reserved powers in the Constitution. The state may thus enact legislation defining what conduct constitutes a crime and fixing the sentence to be imposed upon conviction therefor and the manner in which the sentence shall be served. The execution of the sentence is within the authority of the state's executive department. The state is not required to provide for parole and, if it does, may stipulate its terms and conditions as well as the status of a parolee.

See also Williams v. Dunbar, 377 F.2d 505 (C.A.9, 1967); United States ex rel. Hancock v. Pate, 223 F.Supp. 202 (D.C. Ill., 1963); Carson v. Executive Director, Department of Parole, 292 F.2d 468 (C.A. 10, 1961); Haines v. Castle, 226 F.2d 591 (C.A.7, 1955).[2]

1. In pertinent part those statutes provide:
   § 28.2303 Paroles; mandatory provisions, rules and regulations.] SEC. 33. The grant of any parole shall be subject to the following provisions:
   (a) That no prisoner shall be given his liberty on parole until the board has reasonable assurance after consideration of all of the facts and circumstances, including the prisoner's mental and social attitude, that he will not become a menace to society or to the public safety;
   \* \* \* \* \*
   (c) That no prisoner shall be released on parole until the parole board shall have satisfactory evidence that arrangements have been made for such honorable and useful employment as he is capable of performing, or for his education, or for his care if he is mentally or physically ill or incapacitated.
   \* \* \* \* \*
   The time of his release on parole shall be discretionary with the parole board. The action of the parole board in releasing prisoners shall not be reviewable if in compliance with law.
   § 28.2305. Same; duty and procedure in granting of parole; majority vote.] SEC. 35. The release of a prisoner on parole shall be granted solely upon the initiative of the parole board. At least 1 month prior to the expiration of the minimum term of each prisoner eligible for parole, less good time or special good time allowances, it shall be the duty of the parole board to cause each prisoner to be brought before it, together with all pertinent information with regard to such prisoner. Included in such information shall be a report of the warden of each prison or reformatory in which such prisoner has been confined as to the prisoner's conduct with a detailed statement as to all infractions of rules and discipline, punishment given to such prisoner and the circumstances connected therewith; the extent to which such prisoner appears to have responded to the efforts made to improve his social attitude; the prisoner's industrial record while confined, the nature of such occupation, and a recommendation as to the kind of work he is best fitted to perform and at which he is most likely to succeed when he is released; and the results of such physical, mental and psychiatric examinations as have been made of the prisoner. The parole board shall reach its own conclusions as to the desirability of releasing such prisoner on parole. All decisions of the parole board shall be by majority vote. (C.L. '48, § 791.235.)

2. In the recent case of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the Supreme Court said at Page 258:
   "In sum, we do not question the authority of the State of Washington to provide for a deferred sentencing procedure coupled with its probation provisions. Indeed, it appears to be an enlightened step forward. All we decide here is that a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing."

Moreover, as was said in Haines v. Castle, supra, at 594:

> In any event, parole is a matter of clemency and grace. No federal constitutional question is involved in the administration of the Illinois Parole Act. United States ex rel. Harris v. Ragen, 7 Cir., 177 F.2d 303. The Parole Act is not an element in the sentence imposed. People v. Dixon, 400 Ill. 449, 81 N.E.2d 257.
>
> \*   \*   \*   \*   \*   \*
>
> No substantial federal question was presented and the District Court correctly dismissed the suit. Under such circumstances a single judge may dismiss. California Water Service Co. v. City of Redding, Cal., 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323.

This was also the conclusion of Judge Celebrezze in Rose v. Haskins, supra, even though he considered the interests of one already released on parole to be somewhat different from one not yet released. He said:

> The granting of a parole is a determination by the Parole Commission that society will be better served by the conditional release of the parolee. With the aid of data from various sources, the Commission has determined that the parolee is a fit candidate for rehabilitation and restoration as a useful member of society. Because of the nature of that determination, the Parole Commission is given a great discretion in reaching its decision to grant or deny a parole; and within the boundaries of that discretion perhaps the granting of a parole could be considered an act of grace of the authority with power.[6]
>
> On the other hand, revocation of a parole is not such a general determination. When released into society, the parolee is given a limited freedom provided that he conform to certain specified conditions.[7] Revocation is a determination that he has not satisfied one or more of those specified conditions. That determination does not allow of so much discretion; and, if reaching that determination without a hearing results in unfairness to the parolee, why should he not have a remedy in the courts? (388 F.2d at 99.)

■ It seems evident, therefore, that plaintiff's claim does not raise a substantial federal question. His challenge is directed to a power of Michigan reserved to it by the Constitution. His relief, if any, must come from the State of Michigan.[3]

Since plaintiff's claim presents no substantial federal question, his motion to convene a three-judge court pursuant to § 2281, Title 28 U.S.C., must be denied.

In view of this resolution of plaintiff's claim, no need arises to consider defendant's claim that plaintiff is estopped from challenging the constitutionality of the Michigan Parole Statutes.

■ Finally, since plaintiff's claim raises purely legal issues, it does not re-

---

3. It appears that plaintiff has an appeal from the Parole Board's decision provided by M.C.L.A. § 600.631. It provides:

§ 600.631 **Same; nonjury appeal from state agency; procedure, jurisdiction, appeal bond**

Sec. 631. An appeal shall lie from any order, decision or opinion of any state board, commission or agency, authorized under the laws of this state to promulgate rules and regulations from which an appeal or other judicial review has not heretofore been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, and such circuit court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in the same manner as appeals are made from justice courts, except that no appeal bond is required. P.A.1961, No. 236, § 631, Eff. Jan. 1, 1963.

The Michigan Parole Board is a state board authorized to promulgate rules and regulations. M.S.A. 28.2303(c) provides: "The parole board, in its discretion, may adopt such other or further rules and regulations not inconsistent with the foregoing provisions with respect to conditions to be imposed upon paroled prisoners under this act."

quire an evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770 (1963).

For the reasons stated, plaintiff's prayer for declaratory judgment and his motion to convene a three-judge court must be denied. Accordingly, defendant's motion to dismiss must be granted.

It is so ordered.