ESCOE *v.* ZERBST, WARDEN.

No. 773.   Argued May 6, 1935.—Decided May 20, 1935.

*Mr. Seth W. Richardson* submitted for petitioner.

*Mr. Sanford Bates,* with whom *Solicitor General Reed* was on the brief, for respondent.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

Petitioner was convicted of a crime in the United States District Court for the Eastern District of Texas after indictment and a plea of guilty. He was sentenced, October 10, 1932, to imprisonment for four and a half years in the. Penitentiary at Leavenworth, Kansas. On the same day the sentence was suspended for five years upon conditions of probation, and the defendant (the petitioner in this court) was placed in charge of the District Probation Officer for that length of time. One of the conditions was that the probationer would refrain from the violation of any state or federal penal laws. Another was that he would live " a clean, honest and temperate life."

In July, 1933, information was conveyed to the District Probation Officer that petitioner had broken these conditions. In a letter written by his father he was charged with drunkenness and the forgery of two checks. The officer made report of this information to the District Judge and requested a revocation of the order for suspension of sentence. On July 29, 1933, the District Judge issued a mandate for a warrant of arrest. On. August 5, he signed an order that the suspension be revoked and that the defendant be committed to prison to serve the stated term. Upon arrest under the warrant the defendant was not brought by his custodian before any court or judge. He was transported at once to the penitentiary at Leavenworth, Kansas, and there imprisoned. Later, in December, 1933, he filed a petition for a writ of *habeas corpus* in the United States District Court for the District of Kansas, contending that his imprisonment was unlawful for the reason that probation had been ended without the opportunity for a hearing made necessary by statute. The District Judge dismissed the application for the writ, and the Circuit Court of Appeals for the Tenth Circuit

affirmed his order. 74 F. (2d) 924. A writ of certiorari issued from this court.

Upon the suspension of sentence in October, 1932, the applicable statute made provision as follows:

" At any time within the probation period the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." Act of March 4, 1925, c. 521, § 2, 43 Stat. 1260; 18 U. S. C. § 725.

An amendment of the statute in June, 1933 (Act of June 16, 1933, c. 97, 48 Stat. 256; 18 U. S. C. Supp. § 725) permits the execution of the warrant by a United States marshal as well as by a probation officer, but does not change the procedure otherwise. Under the statute as amended as well as in its original form, the probationer " shall forthwith be taken before the court." This mandate was disobeyed. The probationer, instead of being brought before the court which had imposed the sentence, was taken to a prison beyond the territorial limits of that court and kept there in confinement without the opportunity for a hearing. For this denial of a legal privilege the commitment may not stand.

In thus holding we do not accept the petitioner's contention that the privilege has a basis in the Constitution, apart from any statute. Probation or suspension of sentence comes as an act of grace to one convicted of a crime, and may be coupled with such conditions in respect of

its duration as Congress may impose. *Burns* v. *United States,* 287 U. S. 216. But the power of the lawmakers to dispense with notice or a hearing as part of the procedure of probation does not mean that a like dispensing power, in opposition to the will of Congress, has been confided to the courts. The privilege is no less real because its source is in the statute rather than in the Fifth Amendment. If the statement of the Congress that the probationer shall be brought before the court is command and not advice, it defines and conditions power. *French* v. *Edwards,* 13 Wall. 506, 511. The revocation is invalid unless the command has been obeyed.

We find in this statute more than directory words of caution, leaving power unaffected. This is so if we consider the words alone, putting aside for the moment the ends and aims to be achieved. The defendant " shall " be dealt with in a stated way; it is the language of command, a test significant, though not controlling. *Richbourg Motor Co.* v. *United States,* 281 U. S. 528, 534. Doubt, however, is dispelled when we pass from the words alone to a view of ends and aims. Clearly the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation. The charge against him may have been inspired by rumor or mistake or even downright malice. He shall have a chance to say his say before the word of his pursuers is received to his undoing. This does not mean that he may insist upon a trial in any strict or formal sense. *Burns* v. *United States, supra,* at pp. 222, 223. It does mean that there shall be an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper. *Burns* v. *United States, supra.* That much is necessary, or so the Congress must have thought, to protect the individual against malice or op-

494

pression. Almost equally it is necessary, if we read aright the thought of Congress, for the good of the probation system with all its hopes of social betterment.

If these are the ends to be promoted by bringing the probationer into the presence of his judge, the Act is seen at once to be mandatory in meaning as well as mandatory in form. Statutes are not directory when to put them in that category would result in serious impairment of the public or the private interests that they were intended to protect. *French* v. *Edwards, supra; Lyon* v. *Alley,* 130 U. S. 177, 185; *Erhardt* v. *Schroeder,* 155 U. S. 124, 128, 130. Such is the situation here. When a hearing is allowed but there is error in conducting it or in limiting its scope, the remedy is by appeal. When an opportunity to be heard is denied altogether, the ensuing mandate of the court is void, and the prisoner confined thereunder may have recourse to *habeas corpus* to put an end to the restraint. It is beside the point to argue, as the Government does, that in this case a hearing, if given, is likely to be futile because the judge has made it plain how his discretion will be exercised in that already he has canceled the suspension on the strength of an *ex parte* showing. The *non sequitur* is obvious. The judge is without the light whereby his discretion must be guided until a hearing, however summary, has been given the supposed offender. Cf. *Snyder* v. *Massachusetts,* 291 U. S. 97, 116. Judgment ceases to be judicial if there is condemnation in advance of trial.

We hold that the attempted revocation is invalid for defect of power, and that, the suspension still continuing, the petitioner is entitled to be discharged from his confinement.

The discharge is without prejudice to his arrest and commitment as a result of subsequent proceedings conforming to the statute.

The judgment is reversed and the cause remanded with instructions that the writ must be sustained and the prisoner discharged.

*Reversed.*