LUCIANO FERNÁNDEZ ORTEGA, Petitioner, *v.* FÉLIX R. RIVERA, WARDEN OF THE INSULAR PENITENTIARY, Respondent.

No. 450.  Argued February 2, 1950.—Decided February 15, 1950.

*Santos P. Amadeo, Sigfredo Vélez González, Enrique Belén Tru-jillo,* and *Angel Cruz Cruz,* for petitioner.  *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for respondent.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On November 22, 1946 the petitioner Luciano Fernández Ortega was charged in the District Court of Arecibo with the crime of murder in the first degree.  Upon his case being called for trial on February 18 of the following year, he entered a plea of guilty of murder in the second degree and requested the court to suspend the sentence pursuant to the provisions of § 2 of Act No. 259 of April 3, 1946 (Sess. Laws, p. 536).  In accordance with his request, the court ordered the probation officer to make the proper investigation.  However, it was not until April 11, 1949 that the probation officer

submitted his report, the lower court refusing on May 26, 1949 to grant him the benefits of the aforesaid Act and sentencing him to serve from ten to fifteen years' imprisonment in the penitentiary at hard labor.    In rendering judgment the lower court expressed itself as follows:

". . . The defendant herein entered a plea of guilty of murder in the second degree on February 18, 1947, being assisted by counsel and in open court.    That same day, at the defendant's request, the Court ordered that the case be submitted to the Probation Officer for investigation.    The Probation Officer rendered his report on April 11, 1949, the present Probation Officer, and the Judge received it on April 18, 1949.    Sixteen days after receiving the report, the judge has examined it in order to decide, and Act 177 of May 4, 1949 was approved amending § 2 of Act 259 of April 3, 1946, which act governs the granting of suspended sentences, and in amending it, it excluded the crime of murder in the second degree.    So that a suspended sentence may not be granted herein, the defendant having pleaded guilty to said crime.    The Court makes it clear that had this amendment of the Act not prevented it, it would have granted the benefit of a suspended sentence, but it is barred from doing it because the act was amended.    It is true that the defendant has been prejudiced by the delay.    On February 18, 1947 the Court ordered the Probation Officer to make an investigation.    The Court did not have a Probation Officer for a long period of time and it was not until the end of August 1948 that the present Probation Officer came to work to this Court and commenced his investigations, having been met with several pending cases.    The report was rendered April 11, 1949, that is, over two years later.    But the Court deems that the act is mandatory and that it is unable to grant the suspended sentence which it would have granted had the report been received prior to May 4.    Is there any reason why judgment should not be rendered?"

In the petition of habeas corpus now under our consideration the petitioner contends that the judgment entered against him and his incarceration are void (a) because when he committed the crime and pleaded guilty, he was entitled to the suspension of the sentence imposed, provided he met the requisites prescribed by Act No. 259; (b) because he met all

the requisites fixed by said Act; (c) because the *ex post facto* application to his case of the amendment to the aforesaid Act deprives him of a right acknowledged by the previous Act; and (d) because the *ex post facto* application of the subsequent Act violates the Constitution of the United States and § 2 of our Organic Act. The *Fiscal* of this Court has acquiesced to the reversal of the judgment.

█ Section 2, par. 8 of our Organic Act (48 U.S.C., § 737) provides that "no *ex post facto* law. . . shall be enacted." Hence, it is necessary to determine whether the application of the 1949 amendment to petitioner's case is contrary to the foregoing constitutional precept.

The Supreme Court of the United States in *Calder* v. *Bull*, 3 Dall. 386, 1 L. ed. 648, held to be *ex post facto*:

"1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action.

"2d. Every law that aggravates a crime, or makes it greater than it was, when committed.

"3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. [and]

"4th. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender."

See also *People* v. *López, ante*, p. 753; *Vázquez* v. *Rivera, ante*, p. 203; *Ex parte Castro*, 69 P.R.R. 921; *Loíza Sugar Co.* v. *Buscaglia, Treas.*, 63 P.R.R. 592; and Cooley's Constitutional Limitations, Vol. 1, 8th ed., pp. 541 *et seq.*

The principle thus established in *Calder* v. *Bull, supra*, was broadened by the National Supreme Court in *Thompson* v. *Utah*, 170 U.S. 343, in which it was said, at p. 351, that an Act is also *ex post facto* when "in its relation to the offense, or its consequences, [it] alters the situation of the accused to his disadvantage." See also Willoughby on the Constitution of the United States, Vol. 2, 2d. ed., p. 1135, § 684; Crawford,

Statutory Construction (1940), pp. 573 and 574; and *State v. Board of Parole*, 99 So. (La.) 534, 536.

■■ When petitioner committed the crime charged, § 2 of Act 259, *supra*, prescribed in substance that "The effect of the sentence imposed on any person guilty of *a felony other than murder in the first degree*, shall be suspended, and the person sentenced placed on probation" (italics ours), provided that at the time of rendering said judgment the requisites fixed by the very Section were complied with. Nevertheless, Act 177 of May 4, 1949 (p. 556) amended § 2 of the aforesaid Act of 1946 in order that it should read insofar as pertinent as follows: "The district courts may suspend the effects of a sentence entered in any case of felony which is not murder, robbery, incest, extorsion, rape, infamous crime against nature, larceny or burglary and order that the person sentenced be placed on probation whenever at the time of imposing said sentence all the following requisites . . . concur" and which the amendatory Act itself enumerates in the Section referred to.

This proceeding does not involve the determination of whether or not the petitioner complies with the requisites fixed by the original or the amendatory Acts in order that the district court may grant him the benefits accorded by them. What it does involve is whether the petitioner having been charged on October 15, 1947 with a crime of murder committed prior to that date, at which time § 2 of Act 259 of 1946 was in effect providing for the suspension of sentence in any case of felony which was not murder in the first degree, he may be applied the amendment introduced to said Section by Act 177 of 1949 which allows the effects of a sentence entered in any case of felony which is not murder, robbery, etc., to be suspended due to the fact that this latter Act was in effect when the judgment against him was rendered.

Habeas corpus is a proper remedy to determine whether or not an Act or its application is *ex post facto*. *Vázquez v. Rivera, supra*. Since in the present case the Act in force at

the date of the commission of the offense, but not the 1949 amendatory Act, authorized the courts to suspend the sentence in any case of murder in the second degree, it is unquestionable that this latter Act if applied to petitioner is *ex post facto*, since it operates in his detriment and prejudicially alters his situation. As stated in *Lindsey* v. *Washington*, 301 U. S. 397, 401, "the *ex post facto* clause looks to the standard of punishment prescribed by a statute, rather than to the sentence actually imposed." The application of the amendatory Act to a case like petitioner's is therefore unconstitutional.

Of course, the suspended sentence is an act of grace, but it is not an absolute right granted to one convicted of a crime. *Escoe* v. *Zerbst*, 295 U.S. 490, 492; *People* v. *Emmanuelli*, 67 P.R.R. 626, 634; *People* v. *Rodríguez*, 69 P.R.R. 507, 512; *People* v. *Camacho*, 69 P.R.R. 332, 337, and cases cited therein. Its concession rests in the discretion of the trial court.

The judgment rendered by the lower court will be set aside and another rendered by said court pursuant to the provisions of Act No. 259 of 1946.