UNITED STATES of America,
Appellee,

v.

John William SCOTT, Appellant.

No. 10367.

United States Court of Appeals
Fourth Circuit.

Argued May 3, 1966.

Decided June 10, 1966.

John J. Dilli, Jr., Baltimore, Md. (Court-assigned counsel), for appellant.

Fred Kelly Grant, Asst. U. S. Atty. (Thomas J. Kenney, U. C. Atty., and Ronald T. Osborn, Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF, BOREMAN, and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge:

Probationer, Scott, appeals from an order of the district court revoking his probation and committing him to the custody of the Attorney General.

On November 8th a registered letter was mailed to the petitioner giving him notice of a revocation of probation hearing to be held on November 12, 1965. The petitioner did not receive the letter because of his absence from home when the post office attempted to deliver the letter. On the morning of the hearing his probation officer telephoned him to find out why he was not present. The same morning he reported to his probation officer, was served with a warrant of arrest by the marshal, and brought before the court a few hours later. The record shows that the court informed the petitioner that he did not have to answer the court's inquiries; nevertheless the probationer freely admitted several times during the hearing that he was taking heroin and that he was "hooked." The court thereupon put into effect the probationer's two year suspended sentence. It refused to hear evidence or to consider the offenses set forth in the other counts in the warrant charging violation of probation.

The court's principal concern was with the welfare of the probationer. He stated that he felt that the probationer, who was in his twenties, was not yet

beyond the possibility of cure and that prior leniency on the court's part in allowing him voluntarily to enter the hospital for a cure had failed to check the growth of the habit. The probationer conceded his mistake in leaving the hospital at Lexington after two or three weeks of treatment against the advice of the staff and notwithstanding his urgent need for treatment, but begged the court not to give him the full two years of the suspended sentence. Indeed the probationer, when told by the court of his right to appeal, frankly said that he was appealing because of the length of the sentence, pointing out that one of his co-defendants in the original narcotics trial had received a shorter term (he was not placed on probation).

The hearing was full, fair and complete. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1934). Not once did the probationer raise any doubt that he had been taking heroin. He now seeks a rehearing because he was not represented by counsel and because he did not have adequate time to prepare his defense. The probationer would be entitled to a new hearing if this record showed that he had requested that he be allowed to have counsel present or that the hearing was not full, fair, and adequate, but such is not the case. Probationer had waived his right to counsel in writing at the prior hearing. In this hearing, the court discussed in probationer's presence the question of counsel and stated that he would proceed with the hearing until need for counsel appeared. The probationer made no request to have counsel, nor did he give any indication that he was not prepared to proceed once the court indicated it would not hear evidence on or consider the charges other than that the probationer was using narcotics. Bennett v. United States, 158 F.2d 412 (8 Cir. 1947).

We are impressed with the painstaking care with which the court conducted the hearing and his courteous and kind attitude towards the probationer's sickness. This is evidenced by the fact that only five months prior to the hearing the court had found the probationer guilty of violating the terms of his probation but had given him a second chance, warning him that another failure would send him to Lexington for two years. A probation hearing is not a formal trial. Escoe v. Zerbst, supra. Able counsel for the probationer here offers no reason for setting aside the hearing which speaks more convincingly than the young man's obvious need for immediate treatment in the face of his unequivocal admission that he was "hooked."

The order of the district court is Affirmed.