**Calvin BELL, Plaintiff,**

**v.**

**Russell G. OSWALD, Chairman of the New York State Parole Board and Harold W. Follette, Warden, Green Haven Prison, Stormville, New York, Defendants.**

**No. 68 Civ. 5190.**

United States District Court
S. D. New York.

Nov. 18, 1969.

Calvin Bell, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, by Barton R. Sadowsky, Asst. Atty. Gen., New York City, for defendants.

CANNELLA, District Judge.

■ Defendants move pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief can be granted. Since matters outside the pleadings have been presented to the court, the motion will be treated as one for summary judgment pursuant to Rule 56. The motion is granted, and the complaint is dismissed.

Plaintiff brings this action pursuant to the Civil Rights Act, 42 U.S.C. § 1981 et seq., for damages allegedly caused by the defendants' wrongful denial of parole to him and for the issuance of a writ in the nature of mandamus requiring the defendants to hold a full evidentiary hearing at which plaintiff will be allowed the assistance of counsel to prove his sanity through his own witnesses and that he is entitled to parole.[1]

Jurisdiction over the action is invoked under 28 U.S.C. § 1343(3).

The complaint herein alleges numerous violations of the plaintiff's constitutional rights. He contends that the State Board of Parole's asking questions of him violates his Fifth Amendment rights against self-incrimination; that the denial of counsel to him during any parole hearing held violated his Sixth Amendment right to counsel; that his continued incarceration is a cruel and unusual punishment in violation of the Eighth Amendment; that the entire hearing procedure of the Parole Board violates the Due Process Clause of the Fourteenth Amendment; and that all of the above are in violation of the Civil Rights Act.

Plaintiff, on a plea of guilty to a first degree manslaughter charge, was sentenced by Justice Munder of the Suffolk County Court on November 14, 1956 to an indeterminate sentence of seven years, six months to twenty years. The State Parole Board considered the plaintiff for parole during September of 1961, 1964, 1966 and 1968 and on each occasion denied him parole. The Board has never informed the plaintiff exactly why parole was denied, but a letter to the plaintiff from defendant Oswald stated, in essence, that his release would be incompatible with the welfare of society.[2] See N.Y. Correction Law, § 213. However, the plaintiff alleges that he was denied release on the basis of a psychiatric report, dated September 20, 1956, which apparently found him to be a "psychopathic personality." He contends that he was never allowed to prove his sanity to the Parole Board, and thus his rights have been violated.

The controlling factor in this case is that there is no constitutional right to parole; rather it is an act of grace conferred by statute. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). New York has established a comprehensive scheme for granting parole and has vested in the State Parole Board the discretionary power to grant or deny parole. N.Y. Correction Law § 210 et seq. The New York statute sets up the applicable standards and the manner in which a determination is to be made, as well as the method of release, N.Y. Correction Law §§ 213, 214. Further, New York has provided that the Parole Board's action is deemed a judicial function and is not reviewable unless its action contravenes statutory requirements or the New York State or United States Constitutions. N.Y. Correction

1. Plaintiff's petition prays for injunctive relief. However, the court finds that what he seeks in essence, is an order in the nature of mandamus.

2. A handwritten copy of the letter, dated October 25, 1966, was attached as Exhibit A in plaintiff's reply affidavit.

**880**

Law § 212; Briguglio v. New York State Bd. of Parole, 24 N.Y.2d 21, 298 N.Y.S.2d 704, 246 N.E.2d 512 (1968); Hines v. State Bd. of Parole, 293 N.Y. 254, 56 N.E.2d 572 (1944).

 The gist of the plaintiff's complaint is that he has been denied due process since a full evidentiary hearing, with counsel present, was not held by the Parole Board prior to their denying his parole. There is no constitutional due process right to such a hearing, or to the presence of counsel, or compulsory process for obtaining witnesses on the prisoner's behalf, or the right to cross-examine any witnesses before the Parole Board. See Hyser v. Reed, 115 U.S. App.D.C. 254, 318 F.2d 225 (1963), cert. denied sub nom. Thompson v. United States Bd. of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963); Lewis v. Rockefeller, 305 F.Supp. 258, 69 Civ. 2871 (S.D.N.Y. Oct. 10, 1969) (MacMahon, J.); Briguglio v. New York State Bd. of Parole, supra. Cf. Johnson v. Stucker, 90 S.Ct. 218 (U.S. Nov. 10, 1969).

The Parole Board here has exercised its discretionary powers in full accordance with the applicable New York statutes and the New York and United States Constitutions. Since it is charged with the granting or denial of parole in its discretion, the Board's decision will be upheld unless it transcends the boundaries set by New York law or the Constitution. No such transgression was alleged by plaintiff here. Rather he only attacks the manner in which the Board arrived at its decision and exercised its discretionary power. As such, this court may not review the Parole Board's determination nor require that the Board hold a full evidentiary hearing. Briguglio v. New York State Bd. of Parole, supra. Further, since no deprivation of plaintiff's rights has been shown, there is likewise no predicate upon which the Civil Rights Act may operate. Plaintiff has failed to allege a substantive constitutional violation or a violation under state law upon which relief may be granted.

We do not have here a case where a rule has been made by a Parole Board that clearly violates a prisoner's constitutional rights. See, e. g., Smartt v. Avery, 370 F.2d 788 (6th Cir. 1967). Rather plaintiff only contests the general manner in which the Board of Parole determines whether a prisoner is entitled to parole. This has been prescribed by statute, and as long as the Board does not violate the statute or the Constitution this court is bound by the decision of the Board in the exercise of its discretionary power.

The complaint, both as to the damages and the writ it seeks, fails to state a cause of action upon which relief may be granted by this court.

Accordingly, the motion of the defendants to dismiss the complaint is granted.

So ordered.