**Einar Dean HANSEN, Petitioner-Appellant,**

v.

**John C. BURKE, Warden, Respondent-Appellee.**

No. 18282.

United States Court of Appeals, Seventh Circuit.

Jan. 25, 1971.

Einar Dean Hansen, pro se.

Robert W. Warren, Atty. Gen. of Wis., William A. Platz, Mary V. Bowman, Asst. Attys. Gen., Madison, Wis., for respondent-appellee.

Before DUFFY, Senior Circuit Judge, and FAIRCHILD and KERNER, Circuit Judges.

DUFFY, Senior Circuit Judge.

This is an appeal from a decision and order of the District Court, Eastern District of Wisconsin, dated December 18, 1969, 307 F.Supp. 674, denying two petitions by the appellant which the Court consolidated and considered as petitions for a Writ of Habeas Corpus. This is the seventh post-conviction petition which appellant has filed.

This appeal challenges three convictions in 1967, two for misdemeanors (worthless checks), one for a felony (theft) and a misdemeanor probation revocation.

On May 18, 1967, petitioner was convicted in County Court of Milwaukee County of two misdemeanor charges of issuing worthless checks. He was sentenced on May 22, 1967, for terms not exceeding one year in each case, the terms to be served consecutively. At this time, his earlier probation was revoked.

Also, on May 22, 1967, petitioner was convicted for theft in the Circuit Court of Milwaukee County, and was sentenced for an indeterminate term of not more than five years, to run concurrently with the misdemeanor sentences. This conviction was affirmed by the Wisconsin Supreme Court in Hansen v. State, 40 Wis.2d 195, 16 N.W.2d 289. A petition for rehearing was denied on November 26, 1968.

As of September 1970, petitioner has filed with the Wisconsin Supreme Court six petitions for habeas corpus challenging these and other convictions. All of these petitions have been denied in unpublished opinions. In correspondence with this Court, petitioner has stated he is free on parole as of September 1, 1970.

On December 28, 1966, when petitioner appeared in the Circuit Court of Milwaukee County, Judge Steffes presiding, on felony charges involving petitioner and two other men, he was advised of his right to counsel. Attorney Robert Krome was appointed to represent him.

On May 22, 1967, after his theft conviction, Attorney Krome requested the Circuit Court to delay the felony sentencing until sentences were imposed on the misdemeanor convictions of May 18th. The attorney then accompanied his client to the County Court, and advised the judge that his client would be sentenced on that same day on the felo-

ny charge in Circuit Court. The County Judge then revoked the probation from which petitioner had absconded, and imposed another consecutive one-year sentence on the 1965 conviction.

Petitioner and his attorney then returned to the Circuit Court where a five-year sentence was imposed, to run concurrently with the misdemeanor sentences.

Petitioner first urges he was deprived of his right to assistance of counsel at the May 18th misdemeanor trial, but the record clearly shows he waived an attorney at that time, stating that he "wanted to get it over with." When the case was called in County Court, petitioner was asked, "Now, sir, do you wish a lawyer? * * * Do you realize you are entitled to a lawyer?" And later, "Well, if you are going to plead not guilty, do you think you ought to have a lawyer?" Petitioner declined all offers of an attorney saying on one occasion "No, I would like to be tried right now, get it over with. I've got other things on my hands, you know."

The County Court record reveals that petitioner was primarily concerned with the felony charges which then awaited him in the Circuit Court. Apparently the misdemeanor charges based on two small checks did not give him much concern. Moreover, it has been held that an intentional by-passing of procedural safeguards for reasons of strategy, precludes later suits based on the "deprivation" of such safeguards. Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); State v. Watkins, 39 Wis.2d 718, 159 N.W.2d 675 (1968). No clearer example of an intentional by-pass or a waiver of the right to counsel could be found than in petitioner's conduct at his misdemeanor trials. Nor was petitioner deprived of counsel at any other stage of the misdemeanor proceeding. The Wisconsin Supreme Court, in unpublished opinions 69/17 and 69/88 held that petitioner was not deprived of his right to counsel because attorney Krome, appointed for him on the felony charge, was with the petitioner at the sentencing on the misdemeanor charges.

When petitioner raised the same question of lack of counsel in the subsequent habeas corpus petitions, the Wisconsin Supreme Court pointed out (Unpublished Opinion 69/88) that attorney Krome's designation of sequence in which the sentences were to be imposed was clearly a matter of defense strategy to prevent the two courts from imposing consecutive sentences.

The Wisconsin Supreme Court felt that petitioner should not complain of lack of counsel after enjoying the benefits of attorney Krome's sentencing strategy. We agree.

The District Court, in considering this same claim, emphasized that not only was counsel available to petitioner at the critical sentencing stage, but that petitioner clearly refused counsel at the outset of the misdemeanor proceedings as mentioned previously.

It is clear from this record that petitioner, in fact, knew that indigent defendants could have lawyers appointed to represent them in the Circuit Court, because a lawyer had previously been appointed for him in the Circuit Court.

Petitioner here challenges the validity of his 1965 arrest warrant. This question has been decided against petitioner by the Wisconsin Supreme Court. Furthermore, this claim did not appear in the petitions filed in this case in the United States District Court.

Petitioner further urges that he was entitled to have an attorney represent him at the revocation hearing of May 22, 1967. In Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the Supreme Court held that the probationer was entitled to counsel at the probation revocation hearing because sentence was determined at that time, and sentencing is a critical stage of criminal proceedings. We hold that *Mempa* does not require that the probation revocation of petitioner should be set aside because petitioner did, in fact,

have counsel at the revocation and sentencing.

In reaching these conclusions, we note that 28 U.S.C. § 2254(d) provides that the factual findings of a competent state court made after a full and fair hearing are to be presumed correct on collateral attack in a federal court. We hold the findings of the District Court on these questions are fully supported by the record.

 Petitioner also argues that our recent decision of Hahn v. Burke, 430 F.2d 100 (7 Cir., 1970) commands that he should have been given a hearing before his misdemeanor probation was revoked. The State argues that *Hahn* is inapplicable and further asserts that retroactive effect should not be given to the *Hahn* decision.

We do not think that the *Hahn* decision compels reversal here for two reasons. First, the Wisconsin statute under which petitioner's probation was revoked (Wis.A. § 57.04(2) ) provided for an appearance before the Court to determine whether the violations of probation had, in fact, occurred. This was not so in *Hahn*, where the sentence had been imposed but stayed and where revocation meant that the petitioner there would go directly to prison without any further participation by the Court. Thus the petitioner here did have an opportunity to be "confronted with his probation violation and to be heard." Hahn v. Burke, *supra*, at page 104.

Secondly, at the May 22, 1967 appearance, petitioner made no objection to the factual basis for the revocation of his probation. Instead, he appeared with his attorney voluntarily and requested that he be sentenced on two misdemeanors which he had committed admittedly while on probation. Under these circumstances, he cannot now assert that he had no chance to be heard.

Having determined that Hahn v. Burke cannot aid petitioner, we need not deal with any of the retroactivity arguments advanced by the State.

Several other points have been discussed by petitioner which we think are not at issue on this appeal. It would unduly lengthen this opinion to discuss them here. Suffice it to say, we have considered petitioner's contentions in these respects but hold that his arguments as to the effect thereof must be and are overruled.

The decision and judgment of the District Court is

Affirmed.