**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George Anthony PANZECA, Defendant-Appellant.**

**No. 71-1245.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 28, 1972.

Decided June 19, 1972.

Michael B. Nash, Crowley & Nash, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., John Peter Lulinski, Jeffrey Cole, Arnold Kanter, Asst. U. S. Attys., Chicago, Ill., William J. Bauer, U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, and KILEY and STEVENS, Circuit Judges.

KILEY, Circuit Judge.

This appeal presents the issue whether the district court erred in revoking defendant's probation in his absence. We hold that the court did err and we reverse the judgment.

Panzeca was indicted for "submitting a false and fraudulent statement" to his draft board in violation of 50 U.S.C. App. § 462, and for conspiring to do so in violation of 18 U.S.C. § 371. After pleading guilty, he received a suspended sentence and was placed on probation for two years.

Panzeca's probation was conditioned upon his reporting "on November 20, 1970 at 6:15 in the morning to the Receiving Station" of the army. On February 26, 1971 the government, with notice to Panzeca's attorney, moved to revoke probation on the ground that the condition of probation had been violated. The motion was continued to Monday, March 1, 1971. Panzeca was not in court on March 1, but his attorney was present and engaged in a colloquy with the judge, the opposing attorney, and the probation officer.

During the colloquy it developed that Panzeca had reported to the army receiving station pursuant to the probation condition, but had been rejected because of his conviction and probation. The prosecution claimed that the condition of probation was violated because the judge intended that Panzeca not only report, but actually enter the army on the day specified. Panzeca's attorney argued that the condition required only that he report and, having done so, there was no violation.[1]

The judge concluded the March 1 colloquy stating: "I do revoke [the probation] . . . and a warrant will be issued for the arrest" of Panzeca. The court ordered the government attorney to see that the arrest of Panzeca be expedited, and told Panzeca's attorney to "come in with him" on Wednesday, March 3, 1971, and "I will hear you fully." The criminal docket entry reads:

3/1/71 Defendant fails to appear.
On motion of the government.
Probation revoked and Bench warrant to issue. Cause continued to
March 3, 1971.

The government argues that the revocation took place, not on March 1, but on March 3 when petitioner was sentenced. It further claims that even if revocation was on March 1, Panzeca was present on March 3 at the "plenary hearing" which then took place, and that any deficiency in the procedure of March 1 was cured. The implication is that petitioner was not prejudiced by his absence March 1.

We disagree that the "plenary hearing" on March 3 was with respect to

---

1. We deem it unnecessary to determine the question whether the condition of probation was violated.

the revocation order. The transcript of the March 1 hearing and the criminal docket entry disclose that revocation occurred on that date. Furthermore, the transcript and docket sheet for March 3 clearly show that the latter hearing was effectually limited to sentencing. The judge began the March 3 hearing with the statement that probation "had been revoked" and then permitted counsel for the government and counsel for Panzeca to set forth the "underlying facts" which prompted the hearing. Subsequently the court interrupted Panzeca's attorney and again stated that "probation has been revoked" and further that "now I will hear you . . . on the question of sentence." The attorneys spoke briefly in mitigation. The court then asked Panzeca whether he had anything to say before sentence was pronounced. Panzeca said that he had performed the condition of probation. Sentence was imposed and the docket entry reads as follows:

3/3/71 Defendant George Anthony Panzeca committed to the custody of the U.S. Attorney General for imprisonment for a period of three (3) years.

We conclude that the record shows that Panzeca's probation was revoked on March 1, in his absence.

▆ We hold that the revocation order must be reversed because petitioner's due process right to be present at the revocation hearing was violated. Hahn v. Burke, 430 F.2d 100 (7th Cir. 1970), cert. den. 402 U.S. 933, 91 S.Ct. 1522, 28 L.Ed.2d 868; Escoe v. Zerbst, 295 U.S. 490, 492–495, 55 S.Ct. 818, 79 L.Ed. 1566 (1934).

The probation statute, 18 U.S.C. § 3653, provides that "[a]s speedily as possible after arrest the probationer shall be taken before the court. . . . Thereupon the court may revoke the probation. . . ." Under a similar predecessor statute the Supreme Court in *Zerbst* held that probation could be revoked only before the court which had granted the probation, and the Court stated that "clearly the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation." *Id.* at 493, 55 S.Ct. at 820.

The Court in *Zerbst* did not place the right in the Constitution. But this court in *Hahn* held that revocation without a hearing violated "basic requirements of due process." p. 103 of 430 F. 2d. Panzeca's plight was no less grave than Hahn's, since proceeding to revocation in his absence denied him an opportunity to "explain away the accusation." That his attorney argued in his behalf March 1 does not bar Panzeca's claim, and what occurred March 3 is of no consequence since it was not a revocation hearing.

The government relies on footnote 6 in *Hahn*.[2] The footnote is of no avail to the government because obviously here the circumstances do not show that a "hearing was not immediately possible." Nor is this court's interpretation in Hansen v. Burke, 437 F.2d 829, 832 (7th Cir. 1971), helpful to the government. This court noted there, at 832, that Hansen had the "opportunity to be confronted with his probation violation and to be heard," citing *Hahn* at 104 of 430 F.2d. Here Panzeca was denied that opportunity.

The revocation judgment and sentence are vacated and the cause remanded for further proceedings.

2. Footnote 6 reads as follows:
This is not to deny that probationers could not be (sic) detained where circumstances required and a hearing was not immediately possible. We need not now explore the specific procedural characteristics which revocation must have. 430 F.2d 100, 105, n. 6.