**George DeCOSTA, Jr., Plaintiff,**

v.

**UNITED STATES DISTRICT COURT, DISTRICT OF MINNESOTA, Edward Abas, Chief United States Probation Officer, District of Minnesota and Mel Smith, United States Probation Officer, District of Minnesota, Defendants.**

**Civ. No. 3–77–388.**

United States District Court, D. Minnesota, Third Division.

March 3, 1978.

George DeCosta, pro se.

Andrew W. Danielson, U. S. Atty., Ann D. Montgomery, Asst. U. S. Atty., Minneapolis, Minn., for defendants.

MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

By this action, in which jurisdiction is asserted under Title 28, U.S.C., Section 1331 (federal question), the Plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution, Sandstone, Minnesota,

seeks injunctive relief and monetary damages for an alleged violation of a constitutional right. The matter is now before this Court, under assignment, on the Defendants' Rule 12 (Fed.R.Civ.Proc.) motion to dismiss for failure to state a claim upon which relief can be granted.

On April 13, 1976, Mr. DeCosta, who apparently then was a resident of the State of California, was sentenced to a regular adult three-year term of imprisonment by the United States District Court for the District of Kansas. He was committed to the Sandstone facility to serve his term. While at that institution, the Plaintiff participated in a post-secondary education program in which he earned substantial college credits. During the summer of 1977, the prison authorities and he formulated a plan whereby he would be permitted to continue his educational program, *in Minnesota*, when released on parole March 7, 1978.

Following established practice, the prison authorities contacted the supervising United States Probation Officer (Defendant Smith), seeking a statement from the Probation Officer indicating a willingness to assume supervision of DeCosta for a period of several months while on parole. The Probation Officer refused to accept supervision of the Plaintiff, on the grounds that he has no Minnesota ties and that he has a lengthy criminal record.

The gravamen of Plaintiff's asserted cause of action is that, because of the refusal of the Minnesota Probation Office to accept him for supervision while on parole, he will be unable to continue his college education in the District of Minnesota, and that this is a violation of his constitutional rights. Defendants argue that such refusal does not result in a denial of any federal constitutional right.

Insofar as is material here, Section 4281 of Title 18 United States Code, provides that:

"A person convicted under the laws of the United States shall, upon . . . release on parole, be furnished with transportation to the place of conviction or bona fide residence within the United States at the time of his commitment or to such place within the United States as may be authorized by the Attorney General."

Defendants contend that this Congressional mandate, in and of itself, requires the Defendant to be returned either to Kansas, the district of conviction, or to California, his state of residence at the time of his commitment. Because this Court finds other bases upon which to rest its decision in this matter, it deems it unnecessary to pass upon this assertion.

The issue raised by the pending motion to dismiss, as perceived by the Court, is simply: Does a United States Probation Officer, an arm of the Federal Court, when presented with a request from an appropriate agency to assume supervision of a federal parolee, have the discretionary authority to refuse such supervision?

The Probation Officers are appointed by the Court of a United States Judicial District to serve the Court of that district. They are mandated:

". . . to serve . . . within the jurisdiction and under the direction of the court making such appointment." 18 U.S.C. § 3654.

Under 18 U.S.C. § 3655, they

". . . shall perform such duties with respect to persons on parole as the United States Parole Commission shall request."

This approach, i. e., performance of duties after "request" appears again at 18 U.S.C. § 4203(b)(4), which reads:

"request probation officers . . . to perform such duties with respect to any parolee as the Commission deems necessary for maintaining proper supervision of and assistance to such parolees . . ."

Thus, in the situation presented here, the statutes do not mandate the acceptance of supervision. They only provide for supervision after acceptance of a request to supervise.

The United States Probation Systems Operations Manual, reflecting the fact that the probation officer's primary obligation is

to the District Court of his appointment, has required that as a condition precedent to the acceptance of a request, the probation officer must indicate a willingness to undertake the additional burden imposed by the request. The directive reads:

"If the offender does not have legal residence in the center service area and was not sentenced in the U. S. District Court serving that district, the institution will seek a statement from the probation officer indicating a *willingness* to assume supervision." (Emphasis added.) United States Probation System Operations Manual, Section 3, Chapter 3, Paragraph 31, Prerelease Planning.

Therefore, I conclude that the reason a "request" is directed to the probation office is because it must satisfy the primary duty to the District Court of its appointment, and only then, in its professionally determined "willingness" is it compelled or entitled to take on additional duties.

Also, having in mind the long established proposition that early release from incarceration—be it mandatory release or otherwise—is a matter of legislative grace not constitutionally mandated, *Escoe v. Zerbst*, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935) and, in fact, that parole is merely a supervised release from confinement *prior* to the termination of sentence, *Roach v. Board of Pardons*, 503 F.2d 1367 (8 Cir. 1974), it reasonably follows that certain limitational and restrictive conditions may be attached to such release. In a probation situation, as opposed to parole setting, those conditions are ordinarily set by the sentencing judge, usually upon the advice of the probation officer. However, at least in the experience of this Court, the supervising probation officer is vested with certain discretionary options. For instance, in a case where restitution is ordered, it is very often left to the probation officer to formulate, with the probationer and the recipient, a plan of repayment.

So, too, in the case of parole, where the Parole Commission proscribes certain activities on the part of the parolee, the supervising agency, (in this case a probation officer) must and does utilize certain discretionary powers during the period of parole. Exercise of discretion by a probation officer, within the scope of his authority, and for the purpose of executing his duties, can hardly give rise to constitutional problems.

The Court is cognizant of the standard to be applied in the determination of a Rule 12 motion to dismiss for failure to state a claim:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Because I find under the circumstances recited above that the Defendants Abas and Smith, both Probation Officers of the United States Probation Service, assigned to the United States District Court for the District of Minnesota, were and are vested with the discretionary authority to refuse to accept the Plaintiff for supervision on parole, there has been no abrogation or denial of any of Plaintiff's constitutional rights. This being so, "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which (will) entitle him to relief."

(The Plaintiff concedes that the Defendant United States District Court, District of Minnesota, enjoys absolute immunity in this matter and has been misjoined as a party. This concession is considered as an additional ground in determining the motion as to that Defendant.)

Now Therefore, the Court having considered Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, together with other pertinent documents on file herein, and being well and sufficiently advised in all the premises,

IT IS ORDERED that said motion be, and the same hereby is, in all things, *granted*, and the complaint and the purported

cause of action therein alleged are dismissed.

Counsel for the Defendants will forthwith prepare and submit appropriate form of judgment in conformity herewith.