TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-805 |
| of | : | |
| | : | June 10, 1996 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MILTON MARKS, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following questions:

1.      Will the Department of Motor Vehicles be required to release "personal information" under provisions of the Driver's Privacy Protection Act of 1994?

2.      Is existing California law more restrictive than the new federal requirements concerning the release of addresses contained in motor vehicle records?

3.      With respect to the 14 categories of "permissive" disclosure contained in the new federal act, will access to the information be prohibited in California if the Legislature does not affirmatively authorize disclosure in the described circumstances?

4.      When must the new federal requirements be fully implemented in California?

CONCLUSIONS

1.      The Department of Motor Vehicles will be required to release "personal information" under provisions of the Driver's Privacy Protection Act of 1994 to anyone effectuating the purposes of the Automobile Information Disclosure Act, the Motor Vehicle Information and Cost Saving Act, the National Traffic and Motor Vehicle Safety Act of 1966, the Anti-Car Theft Act of 1992, and the Clean Air Act in connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alterations, recalls, or advisories, performance

1.                                                                          95-805

monitoring of motor vehicles and dealers by motor vehicle manufacturers, and removal of non-owner records from the original owner records of motor vehicle manufacturers.

2.　　Existing California law is generally more restrictive than the new federal requirements concerning the release of addresses contained in motor vehicle records.

3.　　With respect to the 14 categories of "permissive" disclosure contained in the new federal act, access to the information will be prohibited in California if the Legislature does not affirmatively authorize disclosure in the described circumstances.

4.　　The new federal requirements must be fully implemented in California by September 13, 1997, with two minor exceptions.

ANALYSIS

In 1994 Congress enacted the Driver's Privacy Protection Act of 1994 (Pub.L. No. 103-322 (Sept. 13, 1994) 108 Stat. 2099; 18 U.S.C. §§ 2721-2725; "Act") which will become effective on September 13, 1997. Its principal provision states with respect to the disclosure of information by a state motor vehicle department:

"**(a) In general.** Except as provided in subsection (b), a State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity personal information about any individual obtained by the department in connection with a motor vehicle record.

"**(b) Permissible uses.** Personal information referred to in subsection (a) shall be disclosed for use in connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alterations, recalls, or advisories, performance monitoring of motor vehicles and dealers by motor vehicle manufacturers, and removal of non-owner records from the original owner records of motor vehicle manufacturers to carry out the purposes of the Automobile Information Disclosure Act, the Motor Vehicle Information and Cost Saving Act, the National Traffic and Motor Vehicle Safety Act of 1966, the Anti-Car Theft Act of 1992, and the Clean Air Act, and may be disclosed as follows:

"(1) For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

"(2) For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.

"(3) For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only--

"(A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

"(B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

"(4) For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

"(5) For use in research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals.

"(6) For use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting.

"(7) For use in providing notice to the owners of towed or impounded vehicles.

"(8) For use by any licensed private investigative agency or licensed security service for any purpose permitted under this subsection.

"(9) For use by an employer or its agent or insurer to obtain or verify information relating to a holder of a commercial driver's license that is required under the Commercial Motor Vehicle Safety Act of 1986 (49 U.S.C. App. 2710 et seq.).

"(10) For use in connection with the operation of private toll transportation facilities.

"(11) For any other use in response to requests for individual motor vehicle records if the motor vehicle department has provided in a clear and conspicuous manner on forms for issuance or renewal of operator's permits, titles, registrations, or identification cards, notice that personal information collected by the department may be disclosed to any business or person, and has provided in a clear and conspicuous manner on such forms an opportunity to prohibit such disclosures.

95-805

"(12) For bulk distribution for surveys, marketing or solicitations if the motor vehicle department has implemented methods and procedures to ensure that--

"(A) individuals are provided an opportunity, in a clear and conspicuous manner, to prohibit such uses; and

"(B) the information will be used, rented, or sold solely for bulk distribution for surveys, marketing, and solicitations, and that surveys, marketing, and solicitations will not be directed at those individuals who have requested in a timely fashion that they not be directed at them.

"(13) For use by any requester, if the requester demonstrates it has obtained the written consent of the individual to whom the information pertains.

"(14) For any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."  (18 U.S.C. § 2721.)

For purposes of the Act, the applicable definitions are as follows:

"In this chapter—

"(1) `motor vehicle record' means any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles;

"(2) `person' means an individual, organization or entity, but does not include a state or agency thereof; and

"(3) `personal information' means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status."   (18 U.S.C. § 2725.)

It is unlawful for any person to knowingly disclose personal information "for any use not permitted under section 2721(b)."  (18 U.S.C. § 2722(a).)  As for state motor vehicle departments specifically, the Act provides:

"Any State department of motor vehicles that has a policy or practice of substantial noncompliance with this chapter shall be subject to a civil penalty imposed

by the Attorney General of not more that $5,000 a day for each day of substantial noncompliance."   (18 U.S.C. 2723(b).)

In contrast to the new federal requirements, existing California law focuses upon whether home and mailing addresses contained in motor vehicle records may be released to certain individuals.  Upon request, the home addresses of designated officials and their families are absolutely confidential.  (Veh. Code, §§ 1808.4, 1808.6.)  Residence addresses of other persons are generally confidential, but must be released to a court, law enforcement agency, or another governmental agency, or to such institutions as banks, insurance companies, and attorneys when necessary for business purposes.  (Veh. Code, §§ 1808.21, 1808.22.)  Addresses may be released for vehicle recall purposes (Veh. Code, § 1808.23) and for statistical research and reporting purposes (Civ. Code, § 1798.24, subd. (h)).[1]

With these new federal requirements and existing state statutory provisions in mind, we turn to the four questions presented for resolution.

1.      Required Disclosure

The first issue to be addressed is whether the Act mandates the disclosure of any information.   We conclude that it does.

As quoted above, personal information "shall be disclosed for use in connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alternations, recalls, or advisories, performance monitoring of motor vehicles and dealers by motor vehicle manufacturers, and removal of non-owner records . . . ."  (18 U.S.C. § 2721(b).)  Although this statutory directive comes under the heading "Permissible Uses" and the subject matter is seemingly covered by designated "permissive" categories (see 18 U.S.C. § 2721(b)(2)), we have no doubt that "shall" is mandatory in this context.  In *Andersen* v. *Yungkau* (1947) 329 U.S. 482, 485, the court observed:

". . . The word `shall' is ordinarily `the language of command.'  *Escoe* v. *Zerbst*, 295 U.S. 490, 493.  And when the same Rule uses both `may' and `shall,' the normal inference is that each is used in its usual sense--the one act being permissive, the other mandatory.  See *United States* v. *Thoman*, 156 U.S. 353, 360."

---

[1] The Legislature has also specifically prohibited disclosure of medical disability information (Veh. Code, § 1808.5) and social security numbers (Veh. Code, § 1653.5, subd. (f)) contained in motor vehicle records.

The Information Practices Act of 1977 (Civ. Code, §§ 1798-1798.78) regulates the management and disclosure of "personal information" (Civ. Code, § 1798.3), defined similarly to that contained in the Act.  This statutory scheme generally prescribes permitted disclosures of personal information (Civ. Code, § 1798.24) and specifically regulates the sale of vehicle registration and drivers' license records (Civ. Code, § 1798.26).

The California Public Records Act (Gov. Code, §§ 6250-6270) also regulates the confidentiality of personal information contained in the files of public agencies (see Gov. Code, § 6254, subd. (c)).

We have found nothing in the legislative history of the Act to suggest that the normal definitions of the terms "shall" and "may" are to be ignored here.

With respect to the 14 categories of "permissive" disclosure (18 U.S.C. § 2721(b)), each state will be allowed, at its option, to release personal information for the described purposes. Nothing is required to be disclosed absent some action undertaken by a state.

In answer to the first question, therefore, we conclude that the Department of Motor Vehicles will be required to release "personal information" under provisions of the Driver's Privacy Protection Act of 1994 to anyone effectuating the purposes of the Automobile Information Disclosure Act, the Motor Vehicle Information and Cost Saving Act, the National Traffic and Motor Vehicle Safety Act of 1966, the Anti-Car Theft Act of 1992, and the Clean Air Act in connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alterations, recalls, or advisories, performance monitoring of motor vehicles and dealers by motor vehicle manufacturers, and removal of non-owner records from the original owner records of motor vehicle manufacturers. Release of personal information contained in motor vehicle records is optional for each state with respect to the 14 "permissive" categories specified in the Act.

2.     Release of Addresses

The second question concerns whether existing California law is more restrictive than the new federal requirements concerning the release of addresses contained in motor vehicle records. We conclude that current state law is generally more restrictive.

California law allows certain public officials and employees and their spouses and children to request that their resident address or mailing address be kept confidential. (Veh. Code, §§ 1808.4, 1808.6.) In addition, *any* residence address is confidential and may not be disclosed except for certain limited purposes. (Veh. Code, §§ 1808.21, 1808.22.)

To the extent California law prohibits the disclosure of address information where disclosure is required under the Act (18 U.S.C. § 2721(b)), California law would be preempted. As explained by the United States Supreme Court in *Louisiana Public Service Comm'n* v. *F.C.C.* (1986) 476 U.S. 355, 368:

> "The Supremacy Clause of Art. VI of the Constitution provides Congress with the power to pre-empt state law. Pre-emption occurs . . . when there is outright or actual conflict between federal and state law, e.g., *Free* v. *Bland*, 369 U.S. 663 (1962) . . . ."[2]

---

[2]The supremacy clause states:

> "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the Constitution

In *Screen Extras Guild, Inc.* v. *Superior Court* (1990) 51 Cal.3d 1017, 1023-1024, the court observed: "State law is unquestionably preempted where a valid `act of Congress fairly interpreted is in actual conflict with the law of the State.' [Citations.]"  Similarly, to the extent California law permits the disclosure of address information for any purpose other than a purpose permitted or required by the Act, the state law would be preempted.

However, the 14 permissive categories of the Act (18 U.S.C. § 2721(b)) will not preempt California law protecting address information due to the voluntary nature of the federal grant of authority.

In answer to the second question, therefore, we conclude that existing California law is generally more restrictive than the new federal requirements concerning the release of addresses contained in motor vehicle records.

3.      Permissive Disclosure

The third question concerns whether personal information contained in motor vehicle records will be subject to disclosure with respect to the 14 permissive categories of the Act (18 U.S.C. § 2721(b)) if the Legislature does not specifically authorize disclosure.  We conclude that the information will not be subject to disclosure in such circumstances.

The Act mandates that a state "shall not knowingly disclose or otherwise make available" personal information contained in motor vehicle records except in compliance with the terms of the Act.  (18 U.S.C. § 2721 (a).)   The only exceptions are the 14 permissive categories with respect to which a state may authorize disclosure in the specified circumstances.  If a state does not do so, the general prohibition of the Act remains in effect.

In answer to the third question, we conclude that with respect to the 14 categories of permissive disclosure contained in the Act, access to the information will be prohibited if the Legislature does not affirmatively authorize disclosure in the described circumstances.

4.      Federal Effective Date

The fourth question concerns implementation by the states of the new federal requirements.  As previously indicated, the "effective date" of the Act will be September 13, 1997.  (See 18 U.S.C. § 2721 note ["The amendments . . . shall become effective on the date that is 3 years after the date of enactment of this Act"].)

We have found only two exceptions to the requirement that California law must be in compliance with the Act by September 13, 1997.  The federal legislation provides in part:

---

or laws of any state to the contrary notwithstanding."  (U.S. Const., art. VI, cl. 2.)

".... After the effective date, if a State has implemented a procedure under section 2721(b) (11) and (12) of title 18, United States Code, as added by section 2902, for prohibiting disclosures or uses of personal information, and the procedure otherwise meets the requirements of subsection (b) (11) and (12), the State shall be in compliance with subsection (b) (11) and (12) even if the procedure is not available to individuals until they renew their license, title, registration or identification card, so long as the State provides some other procedure for individuals to contact the State on their own initiative to prohibit such uses or disclosures. Prior to the effective date, personal information covered by the amendment made by section 300002 may be released consistent with State law or practice." (18 U.S.C. § 2721 note.)

The two permissive categories "of subsection (b) (11) and (12)" concern (1) disclosure to anyone for any purpose if the motor vehicle department has provided notice, in accordance with statutory requirements, that personal information may be disclosed and has provided an opportunity on the notice form to prohibit disclosure; and (2) for bulk distribution for surveys, marketing, or solicitations in accordance with statutory requirements, including an opportunity to prohibit such uses by individuals. In these two instances, if California chooses to allow disclosure and if the procedures it adopts meet statutory requirements, it will be deemed to be in compliance with the Act even though the required notice and "opt-out" procedures are not fully implemented until individuals renew their license, title, registration, or identification records--as long as California establishes a procedure under which individuals may contact the Department of Motor Vehicles on their own initiative to prevent disclosure.

We conclude in answer to the final question that the new federal requirements must be fully implemented in California by September 13, 1997, with two minor exceptions.

* * * * *